COURT OF APPEALS
DECISION
DATED AND FILED

February 26, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2257-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF191

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JOSE A. GONZALEZ,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Kenosha County: JASON A. ROSSELL, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Jose A. Gonzalez appeals from a judgment of conviction for first-degree reckless homicide by delivery of a controlled substance and an order denying his postconviction motion. He argues that the circuit court erroneously exercised its discretion at sentencing by drawing an adverse inference from his refusal to identify his drug source and imposing a longer sentence than the State recommended. Gonzalez also argues that if his trial counsel forfeited this argument by failing to object at sentencing, that failure constituted ineffective assistance of counsel. Because the court did not erroneously exercise its discretion in considering Gonzalez's refusal to identify his source, we affirm the judgment of conviction and order denying postconviction relief.

¶2      On June 25, 2020, A.W. died as a result of using fentanyl, a Schedule II controlled substance.[1] In connection with A.W.'s death, Gonzalez was charged with first-degree reckless homicide by delivery of a controlled substance and several other offenses. In March 2022, Gonzalez pled guilty to first-degree reckless homicide in exchange for the dismissal of the other charges and the State's agreement to recommend a sentence of five years of initial confinement and six years of extended supervision. The circuit court accepted the plea and ordered a presentence investigation (PSI). During the PSI interview, Gonzalez "admitted he began obtaining pills from someone he knew to give to [A.W.] [Gonzalez] did not want to disclose who he obtained the pills from, stating he did not want to get anyone else involved in this matter."

---

[1] We identify the victim by initials consistent with the policy set forth in WIS. STAT. RULE 809.86(1) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

¶3     On May 13, 2022, the circuit court sentenced Gonzalez to nine years of initial confinement and six years of extended supervision. In imposing a sentence greater than the State recommended, the court noted that it was "going to hold [Gonzalez's refusal to identify his supplier] against [him]." The court also noted the importance of deterring Gonzalez and the general public from engaging in similar behavior.

¶4     Gonzalez filed a postconviction motion seeking resentencing before a new judge, arguing that the circuit court relied on an improper factor when it "used Gonzalez's invocation of his privilege against self-incrimination to enhance the sentence imposed." The court denied the motion after a hearing, explaining that Gonzalez spoke freely to the PSI agent without invoking his privilege against self-incrimination and decided to not identify the source of the drugs "not out of a fear of subsequent criminal prosecution but because he did not want to get anyone else involved in the matter."

¶5     On appeal, Gonzalez argues that the circuit court erroneously exercised its discretion by relying on an improper factor. He argues alternatively that if this court concludes that his argument was forfeited below, then his counsel was ineffective for not objecting to the court's consideration of his failure to identify his source at sentencing.

¶6     Sentencing lies within the circuit court's discretion. *State v. Gallion*, 2004 WI 42, ¶17, 270 Wis. 2d 535, 678 N.W.2d 197. We review sentencing decisions under the erroneous exercise of discretion standard and will uphold a sentence "if it is a reasonable conclusion, based upon a consideration of the appropriate law and facts of record." *State v. Salas Gayton*, 2016 WI 58, ¶20, 370 Wis. 2d 264, 882 N.W.2d 459 (citation omitted). We afford a sentence "a

strong presumption of reasonability because the circuit court is best suited to consider the relevant factors and demeanor of the convicted defendant." *Gallion*, 270 Wis. 2d 535, ¶18 (citation omitted).

¶7 "When making a sentencing determination, a court must consider the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant, as well as any appropriate mitigating or aggravating factors." *Salas Gayton*, 370 Wis. 2d 264, ¶22. The weight of these various sentencing factors is within the circuit court's discretion. *State v. Stenzel*, 2004 WI App 181, ¶16, 276 Wis. 2d 224, 688 N.W.2d 20. The court's discretion is not unlimited, however, and we will find an erroneous exercise of discretion where the court imposes a sentence that is "based on or in actual reliance upon clearly irrelevant or improper factors." *Salas Gayton*, 370 Wis. 2d 264, ¶24 (citation omitted). "A defendant will [therefore] prevail on a challenge to his or her sentence if he or she proves by clear and convincing evidence that the circuit court actually relied on an improper factor at sentencing." *Id*.

¶8 Gonzalez argues that the circuit court erroneously exercised its discretion by "drawing a negative inference" against him because he declined to identify the source of the drugs given to A.W. He argues that the circuit court violated his Fifth Amendment right against self-incrimination by punishing him for his silence.

¶9 We rejected a similar argument in *State v. Olson*, 127 Wis. 2d 412, 428, 380 N.W.2d 375 (Ct. App. 1985), where the defendant argued that the circuit court "imposed jail time because he refused to name his supplier." We acknowledged that "a [circuit] court may not penalize a defendant for exercising his right against self-incrimination, even after a jury's determination of guilt" but

rejected Olson's argument that his "refusal to name his supplier was an improper factor in his sentencing" because he had previously "admitted that he had obtained his marijuana from a friend. He incriminated himself before he was asked to identify his supplier." *Id.* at 428. Thus, his refusal to name his supplier did not raise self-incrimination concerns and was a relevant consideration at sentencing because it "is some evidence of a lack of cooperativeness." *Id.* at 428-29 ("The sentencing court may consider a defendant's remorse, repentance and cooperativeness.").

¶10 Similarly, in *State v. Kaczynski*, 2002 WI App 276, ¶¶1-3, 10, 258 Wis. 2d 653, 654 N.W.2d 300, we examined a defendant's refusal to reveal his accomplice where the defendant argued he was afraid of retaliation. The circuit court stated that it imposed a higher sentence than it "would have otherwise ordered" due to Kaczynski's refusal to name his accomplice. *Id.*, ¶8. We affirmed the court's decision, explaining that

> we cannot … decree that it is an erroneous exercise of sentencing discretion for a [circuit] court to enhance a sentence when a defendant's refusal to cooperate is based on his or her incantation of a fear of retaliation—even when that fear might be justified. To do so, would be to enact the "Tony Soprano" "code of silence" into the substantive law of this state. This we refuse to do.

*Id.*, ¶11. *Olson* and *Kaczynski* are in line with *Roberts v. United States*, where the United States Supreme Court held that a sentencing court may consider a defendant's refusal to cooperate with the government because it is relevant to his character and prospects for rehabilitation. *Roberts v. United States*, 445 U.S. 552, 556-58 (1980).

¶11 In this case, Gonzalez cannot establish by clear and convincing evidence that the circuit court relied on an improper factor. Under *Kaczynski* and

*Olson*, the circuit court properly considered Gonzalez's refusal to identify his supplier as a refusal to cooperate. *See Olson*, 127 Wis. 2d at 428-29. Gonzalez argues his silence was an invocation of his right against self-incrimination, but like Olson, Gonzalez had incriminated himself at his plea hearing before giving the statement to the PSI agent. It was after entering his plea and during his PSI interview, where he freely admitted that he committed the crime and obtained the drugs from someone else, that Gonzalez claimed he "did not want to get anyone else involved in this matter." Thus, the sentencing court could properly construe Gonzalez's refusal as evidence of his unwillingness to cooperate.

¶12 Gonzalez argues that we should instead follow *Mitchell v. United States*, 526 U.S. 314, 318 (1999), where the district court placed the defendant under oath and inquired as to specific facts of the charged crime. The United States Supreme Court held that "[b]y holding [defendant's] silence against her *in determining the facts of the offense* at the sentencing hearing, the District Court imposed an impermissible burden on the exercise of the constitutional right against compelled self-incrimination." *Id.* at 330 (emphasis added). The present case, however, is materially distinguishable from *Mitchell*. Gonzalez was not placed under oath during his interview with the PSI agent, nor was he questioned about specific facts of the charge to which he pled guilty. Gonzalez voluntarily incriminated himself when he pled guilty, before he was asked about his supplier. *Mitchell* does not control here.

¶13 Gonzalez's refusal to identify his supplier was a proper factor for the circuit court to consider at sentencing. He has not shown that the court erroneously exercised its discretion in doing so.

¶14 We now turn to Gonzalez's alternative claim of ineffective assistance of counsel by failing to raise an objection at sentencing. To establish ineffective assistance, a defendant must prove that counsel's performance was both deficient and prejudicial. *State v. McDowell*, 2004 WI 70, ¶49, 272 Wis. 2d 488, 681 N.W.2d 500 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In assessing Gonzalez's claim, we need not address both deficient performance and prejudice if he cannot make a sufficient showing on one. *See State v. Tomlinson*, 2001 WI App 212, ¶40, 247 Wis. 2d 682, 635 N.W.2d 201.

¶15 As stated above, the circuit court did not err in considering Gonzalez's refusal to identify his supplier as a factor at sentencing. Accordingly, Gonzalez's counsel did not have a basis for objecting to the court's consideration of this factor. His failure to do so, therefore, was not deficient performance and Gonzalez's ineffective assistance claim fails.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.